**Courtney and Kathleen M. BENNETT, et al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

Nos. 92–216T, 92–213T, 92–214T and 92–218T.

United States Court of Federal Claims.

Feb. 4, 1994.

Thomas F. Joyce, Bell, Boyd & Lloyd, Chicago, IL, for plaintiffs.

Elizabeth D. DePriest, Tax Div., U.S. Dept. of Justice, Washington, DC, with whom were Michael L. Paup, Acting Asst. Atty. Gen., Mildred L. Seidman and David Gustafson, for defendant.

## AMENDED OPINION [1]

MARGOLIS, Judge.

This federal tax refund case is before the court on plaintiffs' motion for summary judgment and defendant's cross motion for summary judgment. Plaintiffs are retired commercial pilots and their spouses [2] who received payments for back pay and liquidated damages to settle a lawsuit against their former employer under the Age Discrimination in Employment Act. Plaintiffs maintain, and defendant disputes, that these payments may be excluded from taxable income as "damages received . . . on account of personal injuries" under section 104(a)(2) of the Internal Revenue Code.[3] After carefully reviewing the record and after hearing oral argument, this court grants plaintiffs' motion for summary judgment and denies defendant's cross motion for summary judgment.

---

1. This amended opinion supersedes and replaces the opinion of this court filed January 5, 1994, as amended by order filed on January 7, 1994.

2. The spouses of the pilots are parties to this action because they filed joint federal income tax returns with their husbands for 1986.

3. Section references are to the Internal Revenue Code of 1954, as amended, (26 U.S.C.) for the taxable year 1986.

## FACTS

The material facts in this case are not in dispute. Plaintiffs seek refunds from defendant, the United States, of federal income taxes paid for 1986. Plaintiffs, Courtney Bennett, Cornelius Dineen, John Fleisher and George Elliott, are former United Air Lines, Inc. ("United") pilots. Pursuant to company policy, United required plaintiffs to retire when they turned 60 years old. In 1979, three other former United pilots filed a class action[4] against United alleging a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., ("ADEA"). *See Higman v. United Air Lines, Inc.,* No. 79C 1572 (N.D.Ill. filed Apr. 18, 1979). The complaint requested a range of relief, including back pay, liquidated damages, reinstatement, an injunction preventing United from enforcing the mandatory retirement policy, costs and fees. After consolidation with a second ADEA suit brought by former United flight engineers, *see Monroe v. United Air Lines, Inc.,* No. 79C 360 (N.D.Ill. filed Jan. 2, 1979), and after trial, the jury returned a verdict awarding the former United employees back pay and liquidated damages.

United successfully appealed the judgment for the former pilots and flight engineers. In 1984, the Court of Appeals for the Seventh Circuit reversed and remanded the consolidated cases on the basis of erroneous jury instructions. *See Monroe v. United Air Lines, Inc.,* 736 F.2d 394, 409 (7th Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1356, 84 L.Ed.2d 378 (1985).

During the course of a second trial, the parties reached a settlement. United agreed to pay each class action plaintiff a specific amount designated as back pay and liquidated damages in equal proportions. In 1986, Bennett, Dineen, Fleisher and Elliott received $22,049, $84,187, $119,382 and $87,269 respectively, to settle the age discrimination suit against United. All of the plaintiffs paid federal income tax on both the back pay and liquidated damages halves of the settlement award. Bennett filed for a tax refund in connection with the liquidated damages portion of the settlement award. Dineen filed for a refund of taxes attributable to both portions of the settlement award. The Internal Revenue Service ("IRS") denied these plaintiffs' requests. Elliott and Fleisher filed for tax refunds in connection with both the back pay and liquidated damages payments. The IRS denied these plaintiffs' claims regarding the back pay portion, but refunded taxes paid with respect to liquidated damages. This lawsuit followed.

## DISCUSSION

■ The parties dispute whether ADEA settlement payments for back pay and liquidated damages are taxable under the Internal Revenue Code, 26 U.S.C. §§ 1 et seq., ("I.R.C."). In general, the I.R.C. provides that increases in wealth are taxable. *See* I.R.C. §§ 1, 61(a), 63(a); *see also United States v. Burke,* —— U.S. ——, ——, 112 S.Ct. 1867, 1870, 119 L.Ed.2d 34 (1992) (citing *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 431, 75 S.Ct. 473, 476–77, 99 L.Ed. 483 (1955)). Moreover, the I.R.C. excludes certain items from taxation. *See, e.g.,* I.R.C. § 104(a)(2) (excluding from gross income damages received on account of personal injuries or sickness). The parties agree that payments received to settle a claim under ADEA would be subject to taxation unless a specific exemption applies. Plaintiffs maintain that section 104(a)(2)'s exclusion for damages received on account of personal injuries covers the payments in this case. Defendant counters that section 104(a)(2) does not apply to awards of back pay or liquidated damages under ADEA. The core issue which the parties dispute, then, is a legal question regarding the interpretation and application of section 104(a)(2) of the I.R.C.

Section 104(a)(2) excludes from taxable income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." I.R.C. § 104(a)(2). While the I.R.C. does not define the standard "on account of personal

---

4. The class action was filed on behalf of similarly situated former United pilots, which included the plaintiffs in the instant case.

injuries or sickness," Department of the Treasury regulations provide some guidance as to the application of the exclusion. *See* 26 C.F.R. § 1.104–1(c). Under that regulation,

> [t]he term "damages received (whether by suit or agreement)" means an amount received ... through prosecution of a legal suit or action *based upon tort or tort type rights,* or through a settlement agreement entered into in lieu of such prosecution.

*Id.* (emphasis added). Thus, the critical inquiry for determining the tax treatment of the payments from United to plaintiffs is whether ADEA creates a tort type cause of action. *See Burke,* —— U.S. at ——, 112 S.Ct. at 1870 (citing *Threlkeld v. Commissioner,* 87 T.C. 1294, 1305, 1986 WL 22061 (1986)); *Rickel v. Commissioner,* 900 F.2d 655, 658 (3d Cir.1990) (citing *Glynn v. Commissioner,* 76 T.C. 116, 119, 1981 WL 11320 (1981), *aff'd without published opinion,* 676 F.2d 682 (1st Cir.1982)); *Pistillo v. Commissioner,* 912 F.2d 145, 148 (6th Cir.1990) (citing *Glynn,* 76 T.C. at 119)); *Redfield v. Insurance Co. of North America,* 940 F.2d 542, 547 (9th Cir.1991).

For the following reasons, the court finds that a cause of action for age discrimination in employment under ADEA is a tort type claim. In order to determine whether a statute creates a tort type claim, this court must review the applicable remedial structure. More specifically, this court must consider the range of remedies available under the statute and whether the statute entitles a plaintiff to a jury trial. *See Burke,* —— U.S. at ——, ——, 112 S.Ct. at 1871, 1873–74. In *Burke,* the plaintiffs received specific amounts designated as back pay to settle a gender discrimination claim under Title VII of the Civil Rights Act of 1964. *Id.* —— U.S. at ——, ——, 112 S.Ct. at 1868–69. The

Supreme Court rejected the plaintiffs' argument that section 104(a)(2) covered their awards. According to the Supreme Court, the plaintiffs' awards could not be excluded from gross income under section 104(a)(2) because Title VII did not redress a tort-like personal injury. The Supreme Court reasoned that, "in contrast to the [traditional] tort remedies for physical and nonphysical injuries ..., Title VII does not allow awards for compensatory or punitive damages; instead, it limits available remedies to backpay, injunctions, and other equitable relief." *Id.* —— U.S. at ——, 112 S.Ct. at 1873. Further, the Court distinguished Title VII from other statutes which redress tort type injuries based on the availability of a jury trial. As the *Burke* Court noted,

> Title VIII of the Civil Rights Act of 1968, whose fair housing provisions allow for jury trials and for awards of compensatory and punitive damages, "sounds basically in tort" and "contrasts sharply" with the relief available under Title VII.

*Id.* —— U.S. at ——, 112 S.Ct. at 1874 (citing *Curtis v. Loether,* 415 U.S. 189, 195, 197, 94 S.Ct. 1005, 1009–1010, 39 L.Ed.2d 260 (1974)).

■ This court finds that ADEA redresses a tort-like personal injury because it provides a remedial structure consistent with traditional tort liability. ADEA entitles plaintiffs to a jury trial, 29 U.S.C. § 626(c)(2), and authorizes recovery of *both* back pay and liquidated damages.[5] 29 U.S.C. § 626(b). This range of remedies, coupled with the right to a jury trial, distinguishes the instant action from *Burke.*[6] *See Rice v. United States,* 834 F.Supp. 1241, 1244 (E.D.Cal. 1993), appeal pending (9th Cir. No. 93–16272)[7]; *Downey v. Commissioner,* Docket

---

**5.** Liquidated damages are only available under ADEA if the defendant willfully violates the act. Moreover, they are statutorily set equal to the back pay award. 29 U.S.C. § 626(b).

**6.** In reaching this decision, the court does not adopt plaintiffs' theory that section 104(a)(2) should be applied compassionately.

**7.** Contrary to defendant's assertion, Rule 52.1 of this court's rules of procedure does not preclude citing *Rice* as persuasive authority. Rule 52.1 provides, in pertinent part, "[u]npublished opinions and orders of *the court* are binding on the parties, but have no precedential effect." RCFC 52.1 (emphasis added). By its own terms, Rule 52.1 only addresses the precedential effect of *this* court's unpublished opinions. The precedential effect of other courts' unpublished opinions is governed by their local rules of procedure. Under Rule 134(d) of the local rules of practice for the United States District Court for the Eastern District of California, a party may cite unpublished opinions as precedent.

No. 11120–89, 1993 U.S. Tax Ct. LEXIS 40, at *7, 100 T.C. No. 40, 1993 WL 231740 (T.C. June 29, 1993); *but see Maleszewski v. United States,* 827 F.Supp. 1553, 1556–57 (N.D.Fla.1993).[8] Moreover, this result is consistent with the conclusions reached by every federal appellate court which has considered the precise issue of whether ADEA redresses a tort type injury. *See Rickel,* 900 F.2d at 663; *Pistillo,* 912 F.2d at 149; *Redfield,* 940 F.2d at 547.

Defendant argues that ADEA creates a contract type claim, not a tort type claim, and is therefore beyond the coverage of section 104(a)(2). According to defendant, the *Burke* analysis compels this result because the range of remedies under ADEA is limited to back pay and liquidated damages. Defendant asserts that ADEA plaintiffs may not recover many of the remedies generally available to tort claimants, including damages for pain and suffering, emotional distress, and injured reputation. The court rejects this argument. *Burke* does not require that a statute provide the complete spectrum of traditional tort remedies before it may be deemed to redress a tort type injury. As the *Burke* Court held, Title VII does not redress a tort type injury because "[n]othing in [its] remedial scheme purports to recompense a Title VII plaintiff for *any* of the other traditional harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages (*e.g.,* a ruined credit rating)." *Burke,* —— U.S. at ——, 112 S.Ct. at 1873 (emphasis added). In other words, *Burke* only directs this court to consider whether ADEA provides *some* traditional tort remedy before excluding ADEA payments under section 104(a)(2).

Defendant also argues that ADEA's liquidated damages provision is not, in and of itself, sufficient to distinguish this case from *Burke* because such damages are neither compensatory nor the equivalent of tort type punitive damages. The court rejects this argument for two reasons. First, the argument is based on a faulty premise; that the liquidated damages provision is the only distinction between ADEA and Title VII. As discussed above, this court also distinguishes the two statutory schemes by the availability of jury trials under ADEA. Second, the court rejects defendant's theory that ADEA liquidated damages are not compensatory or equivalent to tort type punitive damages. Defendant asserts that ADEA's liquidated damages are not compensatory because "it is difficult to imagine what type of harm a victim of age discrimination suffers by virtue of the employer's willful violation of the ADEA that is not incurred by virtue of an equivalent but nonwillful violation of the statute." Defendant's cross-motion for summary judgment at 38 n. 31. Further, according to defendant, ADEA's liquidated damages are not equivalent to tort-like punitive damages because such damages are traditionally left to the province of the jury, whereas ADEA's liquidated damages are statutorily mandated when a defendant acts willfully and set equal to the back pay award. This approach disregards the case law interpreting ADEA's liquidated damages provision. "No court ... has adopted the government's proposal ... that liquidated damages are a contract-like remedy for economic harm.... Instead, courts have characterized ADEA liquidated damages as compensatory, punitive or both." *Rice,* 834 F.Supp. at 1244 (citing cases); *see also Rickel v. Commissioner,* 92 T.C. 510, 521, 1989 WL 25022 (1989), *aff'd in part and rev'd in part,* 900 F.2d 655 (3d Cir.1990) ("[L]iquidated damages [under ADEA] are intended as compensation for a tort or tort-like injury."). This court is persuaded by the reasoning of the district court in *Rice* which noted, "no matter how characterized, whether as punitive, compensatory, or both, the ADEA's liquidated damages provision is a tort type remedy which distinguishes the ADEA from ... Title VII." *Rice,* 834 F.Supp. at 1245.

8. This court expressly declines to follow the reasoning of the district court in *Maleszewski.* The holding in that case is not persuasive. The *Maleszewski* court found ADEA's remedial scheme "essentially the same as that afforded Title VII claimants, with the exception of the liquidated damages provision." *Maleszewski,* 827 F.Supp. at 1556. In so doing, the *Maleszewski* court discounted the significance of the availability of liquidated damages under ADEA and failed to consider that ADEA entitles a plaintiff to a jury trial.

■ Even though this court finds that ADEA redresses a tort type injury, defendant argues that the liquidated damages portion of the awards are taxable. According to defendant, ADEA liquidated damages cannot be excluded under section 104(a)(2) because plaintiffs received them *on account of United's willful conduct,* not *on account of a personal injury.* In other words, defendant argues that ADEA liquidated damages are exclusively punitive in nature, and cites *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125, 105 S.Ct. 613, 623–24, 83 L.Ed.2d 523 (1985), in support of its argument. This court would agree with defendant's conclusion that ADEA liquidated damages are not on account of a personal injury if they were exclusively noncompensatory punitive damages. *Reese v. United States,* 28 Fed.Cl. 702, 708 (1993) (finding three independent reasons for interpreting section 104(a)(2) as not excluding noncompensatory punitive damages). However, this court finds that ADEA liquidated damages are, in part, compensatory. *See Powers v. Grinnell Corp.,* 915 F.2d 34, 39–42 (1st Cir.1990). In *Powers,* the First Circuit squarely addressed and rejected the theory that ADEA liquidated damages are exclusively punitive. According to that court,

> the revisionist view reads far too much into the one sentence [9] in *Thurston* upon which it relies. With its focus only on whether "willfulness" is essential to an award of liquidated damages, *Thurston* simply observes that liquidated damages serve a punitive function. *Thurston* did not concern, and does not intimate, whether liquidated damages under the ADEA simultaneously serve [a] compensatory function. . . .

*Powers,* 915 F.2d at 41 (footnote added). Moreover, the First Circuit noted that the legislative history of the 1978 amendments to

ADEA supports this conclusion. As the Conference agreement to those amendments stated, "liquidated damages ... compensate the aggrieved party for nonpecuniary losses arising out of a willful violation of the ADEA." *See* H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 13–14, reprinted in 1978 U.S.Code Cong. & Admin.News 528, 535; *see also Rice,* 834 F.Supp. at 1244–1245 and n. 3.

■ The court also rejects defendant's argument that *Social Security Board v. Nierotko,* 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946), requires holding the back pay awards taxable as wages. *Nierotko* concerned the narrow issue of whether back pay awarded under the National Labor Relations Act to a wrongfully discharged employee should be treated as wages for purposes of computing Social Security Act benefits. *Id.* at 359, 66 S.Ct. at 638. The court declines to apply *Nierotko* to this case because that decision addressed neither the interpretation nor the application of exclusions from gross income for federal income tax purposes.

## CONCLUSION

For the foregoing reasons, this court grants plaintiffs' motion for summary judgment, holding that ADEA settlement payments for back pay and liquidated damages are not taxable. Defendant's respective counterclaims are denied. The parties shall file a stipulation with the court relating to damages within 30 days from the date of this opinion so that the court may enter judgment accordingly.

---

9. That sentence reads: "The legislative history of the ADEA indicates that Congress intended for liquidated damages to be punitive in nature." *Thurston,* 469 U.S. at 125, 105 S.Ct. at 624.