T.C. Memo. 1999-414


UNITED STATES TAX COURT


HUGH D. AND NANCY L. SIMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8919-99.                    Filed December 22, 1999.


Hugh D. Sims, pro se.

<u>Blaine C. Holiday</u>, for respondent.


MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  On March 19, 1999, respondent issued a
notice of final determination denying petitioners' claim to abate
interest for the taxable year 1993.  On April 19, 1999,
petitioners filed a timely petition to review respondent's
determination.  The only issue for decision is whether

petitioners are entitled to an abatement of interest pursuant to section 6404(e).[1]

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioners resided in St. Paul, Minnesota, when the petition in this case was filed. References to petitioner are to Hugh D. Sims.

This case arises from the settlement of a class action lawsuit against Northwest Airlines for alleged violations of the Age Discrimination in Employment Act (ADEA). Petitioner, a retired U.S. Air Force pilot, was working for a commercial air carrier when he received an unsolicited letter from the U.S. Equal Employment Opportunity Commission (EEOC) asking him if he would like to participate in a class action lawsuit against Northwest Airlines. He agreed to participate.

In the summer of 1987, during the pendency of the lawsuit, petitioner was interviewed for employment by Northwest Airlines and hired as an employee.

Sometime after petitioner was hired by Northwest Airlines, the class action lawsuit was settled. Under the terms of the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

settlement agreement, petitioner, in 1993, received $33,000, which was allocated by court order as follows:

| | |
|---|---|
| Back wages | $18,505 |
| Interest | 8,327 |
| Liquidated damages | 6,168 |

By letter dated February 10, 1994, the supervising attorney for the EEOC informed petitioner that the United States Court of Federal Claims had decided an unrelated case, Bennett v. United States, 30 Fed. Cl. 396 (1994), revd. without published opinion 60 F.3d 843 (Fed. Cir. 1995), which held that "ADEA settlement payments for backpay and liquidated damages are not taxable." He enclosed a copy of the opinion as well as a copy of an IRS ruling regarding the taxability of money received in settlement of sex and race discrimination claims. In the letter, the attorney advised petitioner to consult with his tax adviser "regarding the effect of the enclosed, if any, on your recent recovery in the subject action."

On their 1993 Federal income tax return, petitioners reported the backpay award of $18,505 as wages on line 7 and the interest award of $8,327 on line 8(a). Petitioners did not report the liquidated damage award of $6,168. Petitioners claimed an exclusion under section 104(a)(2) of $18,505 and attached a schedule to the return explaining that the exclusion

of the backpay award was based on the decision in <u>Bennett v. United States</u>, <u>supra</u>. They also attached copies of the <u>Bennett</u> decision and other documents supporting the exclusion to the return.

Prior to the expiration of the applicable period of limitations on assessment, respondent conducted an examination of petitioners' 1993 Federal income tax return. On December 31, 1996, respondent issued an examination report that determined the entire settlement award received from Northwest Airlines was fully taxable to petitioners, citing the United States Supreme Court's decision in <u>Commissioner v. Schleier</u>, 515 U.S. 323 (1995).[2] The examination report was respondent's first written contact with petitioners.

From the time petitioners received the examination report until approximately February 25, 1997, petitioners considered the report and consulted with their return preparer concerning it. On February 25, 1997, petitioners signed Form 4549-CG consenting to the assessment of the additional tax proposed in the examination report and submitted it to respondent with a check in the amount of $10,332. On February 28, 1997, respondent received

---

[2]The examination report also pointed out that the <u>Bennett</u> case on which petitioners had relied was reversed in an unpublished per curiam decision based on the Supreme Court's decision in <u>Commissioner v. Schleier</u>, 515 U.S. 323 (1995). See <u>Bennett v. United States</u>, 30 Fed. Cl. 396 (1994), revd. without published opinion 60 F.3d 843 (Fed. Cir. 1995).

Form 4549-CG and the check. Respondent applied the payment to petitioners' 1993 account, allocating $8,031 to the income tax deficiency and $2,301 to accrued interest.

On March 5, 1997, petitioners filed a claim for refund and request for abatement of interest assessed and paid with respect to their 1993 income tax deficiency. In their claim, petitioners explained that, when their 1993 return was prepared and filed, existing legal precedent supported the position taken on their return. Petitioners argued that it was only after the Supreme Court decided Schleier on June 14, 1995, that the precedent on which they reasonably relied was overruled. Since, in their view, they complied with the law as it existed when their 1993 return was filed, petitioners asserted that the income tax deficiency was not their fault, and they should not have to pay interest on the deficiency for the period prior to June 14, 1995, when Schleier was decided.

Respondent disallowed petitioners' claim in a Notice of Final Determination dated March 19, 1999, and this proceeding followed.

## Discussion

Section 6404(e), as in effect for 1993, authorizes respondent to abate all or any part of an assessment of interest on (1) any deficiency attributable in whole or in part to any error or delay by an employee of the Internal Revenue Service,

acting in his official capacity, in performing a ministerial act, and (2) any tax payment to the extent that any error or delay in the payment is attributable to the employee's error or dilatory conduct in performing a ministerial act.[3]  Under section 6404(e), an error or delay is taken into account only if no significant aspect of the error or delay can be attributed to the taxpayer and only after respondent has contacted the taxpayer in writing with respect to the deficiency or payment.  See sec. 6404(e)(1); sec. 301.6404-2T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30162 (Aug. 13, 1987); see also Krugman v. Commissioner, 112 T.C. 230, 238 (1999).

We have jurisdiction to decide this case because petitioner made a claim to abate interest under section 6404(e)(1), respondent issued a final determination disallowing petitioners' claim after July 30, 1996, and petitioners timely filed a petition to review the failure to abate interest.  See sec. 6404(g)(1);[4] Rule 280; Krugman v. Commissioner, supra at 239.

_____

[3]In 1996, sec. 6404(e) was amended by sec. 301 of the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit respondent to abate interest attributable to "unreasonable" error or delay resulting from "managerial" and "ministerial" acts.  The new provision applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996.  The amended provision is not applicable here.  See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

[4]Sec. 6404(g) was added to the Code by TBOR 2 sec. 302(a), 110 Stat. 1457-1458.

Our jurisdiction is limited, however, to deciding whether respondent abused his discretion by refusing to abate interest. See sec. 6404(g)(1). As we evaluate respondent's exercise of discretion, we are mindful that Congress intended for respondent to abate interest under section 6404(e) "where failure to abate interest would be widely perceived as grossly unfair", but that the abatement provision should not "be used routinely to avoid payment of interest". H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208; see also Krugman v. Commissioner, supra.

In this case, petitioners object to the assessment of interest against them because they made a good faith effort to comply with the law as it existed when their 1993 return was filed. They made full disclosure of their position and the legal and factual basis for it on their 1993 return, even attaching copies of the case on which they relied. They contend that the assessment of interest against them is unfair and, therefore, should be abated.

Although we understand petitioners' frustration and empathize with their position, petitioners have not argued that any employee of respondent erred in performing a ministerial act or delayed performing a ministerial act as required by section 6404(e)(1). An examination of the facts in this case reveals there was no such error. The term "ministerial act" is defined

as:[5]

> a procedural or mechanical act that does not involve
> the exercise of judgment or discretion, and that occurs
> during the processing of a taxpayer's case after all
> prerequisites to the act, such as conferences and
> review by supervisors, have taken place.  A decision
> concerning the proper application of federal tax law
> (or other federal or state law) is not a ministerial
> act. [Sec. 301.6404-2T(b)(1), Temporary Proced. &
> Admin. Regs., 52 Fed. Reg. 30162 (Aug. 13, 1987).]

The only actions on which petitioners' claim could be based are
the decision to audit and the decision to disallow the exclusion
relying upon the Supreme Court's decision in Commissioner v.
Schleier, 515 U.S. 323 (1995).  Respondent's decision to audit
and the timing thereof  cannot be attacked using section 6404(e)
because section 6404(e) "applies only after respondent has
contacted the taxpayer in writing about the deficiency or payment
of tax." Krugman v. Commissioner, supra at 239.  Consequently,
section 6404(e) "'does not * * * permit the abatement of interest
for the period of time between the date the taxpayer files a
return and the date the IRS commences an audit, regardless of the
length of that time period.'" Id. (quoting H. Rept. 99-426,
supra, 1986-3 C.B. (Vol. 2) at 844).  Likewise, respondent's
decision to apply Schleier to disallow petitioners' exclusion

---

[5]Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs.,
52 Fed. Reg. 30162 (Aug. 13, 1987), was promulgated before sec.
6404(e) was amended in 1996 and was in effect during 1993.  The
final regulation contains the same definition of ministerial act
and applies to tax years beginning after July 30, 1996.  See sec.
301.6404-2T, Proced. & Admin. Regs., Fed. Reg. 30162 (Aug. 13,
1987).

under section 104 cannot be attacked using section 6404(e) because that decision was made before respondent contacted petitioner in writing concerning the deficiency for the first time, see sec. 6404(e), and involved the proper application of Federal tax law, see sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., <u>supra</u>.  Any delay occurring after petitioners received the examination report and prior to the payment of the tax deficiency was due to petitioners' understandable desire to consult with their tax adviser regarding an appropriate response to the report.

Petitioners' complaint is really one against fate--they filed their return just before the Supreme Court provided definitive guidance on the correct tax treatment to be accorded damages like those awarded here.  Section 6404(e) simply does not reach this type of complaint.  Since there was no erroneous or dilatory performance of a ministerial act, respondent lacked authority to abate interest, and, therefore, his refusal to abate interest in this case cannot be an abuse of discretion under section 6404(e).  Accordingly, we must sustain respondent's determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>