Chester J. MALESZEWSKI and Gunda P. Maleszewski, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 92–30309–RV.

United States District Court, N.D. Florida, Pensacola Division.

June 4, 1993.

---

Daniel C. Perri, Daniel C. Perri, P.A., Shalimar, FL, for plaintiff Chester Maleszewski.

Carol Koehler Ide, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

VINSON, District Judge.

Pending are cross-motions for summary judgment. (Docs. 8, 9). For the reasons set forth herein, the plaintiffs' motion is DENIED, and the defendant's motion is GRANTED.

## I. BACKGROUND

This is an action for a refund of income taxes paid on money received in settlement of an employment discrimination lawsuit. The plaintiffs, Chester J. and Gunda P. Maleszewski, paid federal income tax on an award they received as settlement of an age discrimination claim and; after their request for refund was denied by the defendant, brought this action. They claim that the settlement award was excludable from gross income under Section 104(a)(2) of the Internal Revenue Code [26 U.S.C. § 104(a)(2) (1988)].

The material facts of this case are not in dispute. On October 25, 1989, Chester J. Maleszewski received an award of $49,180.41 from Chrysler Corporation in settlement of an employment discrimination claim against Chrysler. The settlement was for a claim [*E.E.O.C. v. Chrysler Motors Corp.*, Civil Action No. 81–72347 (E.D.Mich.)] brought under the Age Discrimination in Employment Act, Title 29, United States Code, Sections 621 *et seq*. The award was paid to Maleszewski by means of three checks, one check for each component of the settlement amount to which the Equal Employment Opportunity Commission ("EEOC") determined Maleszewski was entitled.

The checks were for the following amounts: (1) "Salary," in the amount of $30,229.16, from which federal income tax in the amount of $6,045.83 was withheld; (2) "Pension," in the amount of $3159.39, from which federal income tax in the amount of $631.87 was withheld; and (3) "Interest," in the amount of $15,791.86. On April 15, 1990, the Maleszewskis filed a joint federal income tax return for the tax year 1989. They paid their 1989 tax liability of $10,804.00 through taxes withheld from the settlement award ($6738.00), an estimated tax payment

($1,000.00), and payment with their tax return ($3,066.00). On their 1989 federal tax return, the plaintiffs reported the entire amount of the settlement award as income.[1]

On December 19, 1990, the plaintiffs filed an amended joint federal income tax return for tax year 1989. This amended return sought a refund of $10,693.00 (together with accrued interest), which was the amount of taxes the plaintiffs had paid on the settlement award. The defendant disallowed the plaintiffs' request for refund on February 21, 1991, and their request for reconsideration on June 4, 1991. The plaintiffs then brought this action for refund.

Both parties have moved for final summary judgment. The sole issue presented is a legal one: Whether the amounts received by Mr. Maleszewski in settlement of his age discrimination claim against Chrysler are excludable from gross income pursuant to Section 104(a)(2) of the Internal Revenue Code. I conclude that such amounts are not excludable from gross income, and, therefore, the plaintiffs are not entitled to a refund of the tax paid on them.

## II. DISCUSSION

Under Section 104(a)(2) of the Internal Revenue Code, "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness" is not included in gross income. Thus, a taxpayer owes no federal income tax on such amounts. Neither the text nor the legislative history explains what "personal injuries" are within the meaning of this section. The relevant Treasury Regulation provides that those damages are excludable which are received "through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered in lieu of such prosecution." 26 C.F.R. § 1.104–1(c) (1991).

I have found no Eleventh Circuit authority which addresses the issue of the excludability of ADEA damages awards. However, the Supreme Court of the United States has recently provided authoritative guidance in construing Section 104(a)(2). In *United States v. Burke*, 504 U.S. ——, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992), the Supreme Court held that a back pay award received in settlement of a Title VII claim is not excludable from gross income as "damages received on account of personal injuries." *Id.* at ——, 112 S.Ct. at 1874, 119 L.Ed.2d at 47. In so holding, the Court focused on "the nature of the claim underlying the [disputed] damages award." *Id.* at ——, 112 S.Ct. at 1872, 119 L.Ed.2d at 44. Only those damage awards which are received as compensation for injury to traditional "tort-type rights" are excludable.

The Court applied a two-step analysis in concluding that Title VII back pay awards do not fall within Section 104(a)(2). First, the Court discussed "traditional principles of tort liability," of which one of the hallmarks is "the availability of a broad range of damages to compensate the plaintiff." *Id.* at ——, 112 S.Ct. at 1871, 119 L.Ed.2d at 43. The damages available in a traditional tort action redress injury beyond the actual monetary losses sustained by injured party. Victims of a traditional tort can recover not only for lost wages, medical expenses, and diminished earning capacity, but also for "intangible elements of injury" such as emotional distress, pain and suffering, impairment of reputation and standing in the community, humiliation, and the like. *Id.* at —— ——, 112 S.Ct. at 1871–72, 119 L.Ed.2d at 43–44.

Second, the Court examined the remedial scheme established by Title VII—the legal basis for the recovery of back pay—to determine whether it redresses a tort-like personal injury in accord with the foregoing "traditional principles of tort liability." Unlike the traditional tort, which affords a full range of damages to the injured party, Title VII allows for damages only to compensate for actual pecuniary loss suffered.[2] "Thus, we

---

1. The plaintiffs reported the following items of income on their 1989 tax return: (1) "Wages, salaries, tips, etc." in the amount of $33,389.00; (2) "Interest" in the amount of $15,792.00; and (3) "Pension" in the amount of $4,388.00. It is not disputed that these reported amounts included the components of the ADEA settlement award from Chrysler.

2. The decision in *Burke* was based on Title VII as it existed prior to being amended by the Civil

cannot say that a statute such as Title VII, whose sole remedial focus is the award of backwages, redresses a tort-like personal injury within the meaning of § 104(a)(2) and the applicable regulations." *Id.* at ——, 112 S.Ct. at 1874, 119 L.Ed.2d at 47.

■■■ Applying the *Burke* analysis to the statute here in question, I conclude that the ADEA does not redress the traditional tort-type right which is normally accompanied by a "broad range of damages to compensate the plaintiff." Although the text of the ADEA makes available such "legal or equitable relief as may be appropriate" [29 U.S.C. § 626(b) ], the explicit incorporation into the ADEA of the remedial provisions of the Fair Labor Standards Act [3] limits the damages which may be awarded to the actual monetary losses arising from the discriminatory employment action. *Goldstein v. Manhattan Indus., Inc.,* 758 F.2d 1435, 1446 (11th Cir.), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985). Recovery under the ADEA is limited to lost wages and benefits; neither punitive damages nor compensatory damages for pain and suffering, emotional distress, and the like are recoverable. *Id.; Dean v. American Security Ins. Co.,* 559 F.2d 1036, 1038 (5th Cir.1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978) (no damages for pain and suffering); *Guthrie v. J.C. Penney Co.,* 803 F.2d 202, 207 (5th Cir.1986) (same); *Haskell v. Kaman Corp.,* 743 F.2d 113, 120 (2d Cir.1984) (no damages for emotional distress).

Thus, the relief available to a successful ADEA claimant is essentially the same as that afforded Title VII claimants, with the exception of the liquidated damages provision. Like those of Title VII, the remedial provisions of the ADEA are designed to re-store the actual monetary loss suffered by victims of employment discrimination— "make whole" relief. This monetary amount, had it been received in the ordinary course of employment, rather than as recompense for an interruption of employment, would have been fully taxable. To exclude it from taxation would make the recipient "better than whole." Also like Title VII, the ADEA does not attempt to "redress intangible elements of injury that are 'deemed important, even though not pecuniary in their immediate consequences.'" *Burke, supra,* 504 U.S. at ——, 112 S.Ct. at 1871, 119 L.Ed.2d at 43 (citation omitted). I see no principled reason to treat the ADEA back pay award at issue in this case differently from the Title VII back pay award at issue in *Burke.*

The fact that liquidated damages are available to ADEA claimants—no such damages are at issue in this case—does not alter my conclusion that ADEA awards are not "damages on account of personal injuries" for purposes of federal income tax laws. Rather than serving to compensate the victim, liquidated damages are designed to deter "willful" violations of the ADEA. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125–26, 105 S.Ct. 613, 623–24, 83 L.Ed.2d 523, 535–36 (1985). The ADEA included the liquidated damages provision in lieu of the criminal penalty for willful violations contained in the Fair Labor Standards Act. *See Thurston, supra,* 469 U.S. at 125, 105 S.Ct. at 623–24, 83 L.Ed.2d at 536; *Dean, supra,* 559 F.2d at 1036 ("criminal penalty in cases of willful violations has been eliminated and a double liability substituted. This will furnish an effective deterrent to willful violations.") (quoting *Hearings on S. 788 and S. 830 Before the Subcomm. on Labor of the Senate*

---

Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071. The Civil Rights Act of 1991 amended Title VII to allow for the recovery of compensatory and punitive damages in some circumstances.

**3.** The enforcement section of the ADEA, 29 U.S.C. § 626, incorporates the enforcement provisions of the Fair Labor Standards Act [29 U.S.C. §§ 201 *et seq.*]. Section 626(a) of the ADEA states that "[t]he provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section." 29 U.S.C. § 626(a) (1988). Sections 211(b), 216, and 217 of Title 29 are enforcement provisions of the Fair Labor Standards Act, of which Section 216 sets forth the remedies available under the FLSA. It provides that employers who violate the minimum wage and overtime requirements of the FLSA are liable to the affected employees for "unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an equal amount as liquidated damages." 29 U.S.C. § 216 (1988).

*Labor and Public Welfare Comm.*, 90th Cong., 1st Sess., 113 Cong. Rec. 7076 (1967) (statement of Sen. Jacob Javits)). It was intended to apply to the unusual situation and not to the usual case. In my judgment, the inclusion of the liquidated damages provision in the ADEA, in lieu of a criminal penalty, does not convert every ADEA award into "personal injury" damages for tax purposes.

This result is contrary to that reached by three Circuit Courts of Appeal in decisions rendered prior to *Burke*. In *Rickel v. C.I.R.*, 900 F.2d 655 (3d Cir.1990), the Third Circuit held that, because age discrimination is analogous to a personal injury, a taxpayer's ADEA action amounts to the assertion of a tort-type right, and all damages flowing from such an action are excludable under Section 104(b)(2). "By discriminating against the taxpayer on the basis of his age, [the employer] invaded the rights that the taxpayer 'is granted by virtue of being a person in the sight of the law.' The taxpayer merely sought the remedies afforded by the statute as compensation for the personal injury he suffered as a result of his employer's act of discrimination...." *Id.* at 663 (citation omitted).

The Sixth Circuit applied the reasoning of *Rickel* to reach the same conclusion in *Pistillo v. C.I.R.*, 912 F.2d 145 (6th Cir.1990). "[An] age discrimination lawsuit is analogous to the assertion of a tort-type right to redress personal injuries. [The employer] discriminated against [the taxpayer] on the basis of his age and invaded the rights [he] 'is granted by virtue of being a person in the sight of the law.'" *Id.* at 149–50 (citation omitted). Finally, the Ninth Circuit relied on both *Rickel* and *Pistillo* and reached the same conclusion in *Redfield v. Insurance Co. of North America*, 940 F.2d 542 (9th Cir. 1991). According to the Ninth Circuit, age discrimination is "tort-like," so ADEA damages are tort-type recoveries for personal injuries within the meaning of Section 104(a)(2). *Id.* at 546–47.

My reading of the Supreme Court's decision in *Burke* compels a different conclusion. The three Circuit Court decisions holding that ADEA awards are excludable under Section 104(a)(2) rest on the principle that age discrimination is an injury to a right one possesses by "virtue of being a person in the sight of the law." *Rickel, supra*, 900 F.2d at 663; *Pistillo, supra*, 912 F.2d at 150. Viewed in that way, the Circuits found that age discrimination is a "personal injury," and damages received for age discrimination are damages received "on account of personal injury." The Supreme Court in *Burke*, however, rejected the conclusion that discrimination against employees—who are individual persons—is *ipso facto* "personal injury" for tax purposes. "The fact that employment discrimination causes harm to individuals does not automatically imply, however, that there exists a tort-like 'personal injury' for purposes of federal income tax law." *Burke, supra*, 504 U.S. at ——, 112 S.Ct. at 1873, 119 L.Ed.2d at 45.

Rather, the Supreme Court stressed that an inquiry must be made into the remedial scheme established by the statute which gave rise to the award in question. Only then can it be determined that a particular statute gives rise to "damages on account of personal injury." [4] As set forth above, I conclude that the remedial scheme established by the ADEA does not redress tort-like personal injuries for purposes of Section 104(a)(2).

## III. CONCLUSION

For the foregoing reasons, I conclude as a matter of law that the amounts received by Maleszewski in settlement of his ADEA claim against Chrysler are not excludable from gross income under Section 104(a)(2).

Accordingly, the defendant's motion for summary judgment is GRANTED, and the plaintiffs' motion for summary judgment is DENIED. The clerk is directed to enter

---

**4.** "[T]he concept of a 'tort' is inextricably bound up with remedies—specifically damages actions. Thus, we believe that consideration of the remedies available ... is critical in determining the 'nature of the statute' and the 'type of claim' brought by [the taxpayer] for purposes of § 104(a)(2)." *Burke, supra*, 504 U.S. at —— n. 7, 112 S.Ct. at 1872 n. 7, 119 L.Ed.2d at 44 n. 7.

judgment for the defendants and against the plaintiff, together with taxable costs.

DONE AND ORDERED.