Winfred A. SHAW, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 92–D–201–E.

United States District Court,
M.D. Alabama,
Eastern Division.

April 5, 1994.

Kenneth Jay Shinbaum, McPhillips, Shinbaum & Gill, Montgomery, AL, for plaintiff.

Scott J. Crosby, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, Kenneth E. Vines, Charles Redding Pitt, U.S. Attorney's Office, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

This matter is now before the court on the plaintiff's motion for summary judgment, filed September 25, 1992, for which he filed a brief in support of the motion for summary judgment on October 16, 1992. Also, before the court is the United States of America's motion for summary judgment which was filed on October 2, 1992, for which they filed a brief in support of their motion as well as in opposition to the plaintiff's motion on October 19, 1992.

In their proposed pretrial order, the parties stipulated that there was no genuine issue of material fact in the case and that the case was due to be decided on the pleadings. Based on the parties' stipulation, the court ordered that the case be submitted on the pleadings and that the case should be decided by the court as a matter of law.

For the reasons explained below, the plaintiff's motion for summary judgment is due to be denied, and the United States of America's motion for summary judgment is due to be granted.

### FACTS

In October 1986, Winfred A. Shaw sued Auburn University under the Age Discrimination in Employment Act, alleging that he had been discriminated against because of his age in the awarding of salaries. On August 27, 1987, a judgment was entered in favor of Shaw in the amount of $53,200, of which $26,600 were liquidated damages, the amount that Shaw was entitled to receive for willful discrimination for three years prior to the filing of the complaint.

The defendants in the age discrimination case, Auburn University, appealed the judgment to the Court of Appeals for the Eleventh Circuit, where the decision was affirmed 858 F.2d 1546. In July 1988, Auburn paid Shaw $59,850, of which $26,600 was liquidated damages. In his 1988 tax return, Shaw included the $26,600 awarded as liquidated damages in his taxable income. Shaw paid income tax in the amount of $8,896 on the liquidated damages.

In November 1989, Shaw filed an amended tax return for the 1988 tax year, indicating that he had erroneously included in his taxable income the $26,600 and requesting a refund of the tax paid in the amount of $8,896. On February 16, 1990, the Internal Revenue Service disallowed Shaw's claim for a refund.[1]

On February 12, 1992, Shaw filed a complaint with this court against the United States of America "for the refund of taxes erroneously or illegally assessed and for excessive taxes which have been paid and wrongfully collected from the plaintiff." (Compl. ¶ 3.) The United States of America maintains that income tax should be paid on liquidated damages awarded in ADEA cases.

### DISCUSSION

Section 61(a) of the Internal Revenue Code provides "[e]xcept as otherwise provided in this subtitle, gross income means all income from whatever source derived ..." 26 U.S.C.A. § 61(a) (West 1993). Furthermore, any accessions or increases in wealth received by a taxpayer are presumed to be gross income, unless the taxpayer can demonstrate that the accession fits into one of the specific exclusions created by other sections of the Internal Revenue Code. *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 430–31, 75 S.Ct. 473, 476–77, 99 L.Ed. 483 (1955). According to the United States Supreme Court in *United States v.*

---

1. Another of the plaintiffs in the age discrimination suit against Auburn University, Milton Alexander, filed an amended tax return to recover the tax that he paid on the liquidated damages awarded to him, claiming that he erroneously overpaid his income taxes because liquidated damages should not be included in taxable income. The Internal Revenue Service granted Mr. Alexander's refund. Shaw cites this fact in support of his motion for summary judgment. While relying on *Mid–Continent Supply Co. v.*

*Commissioner*, 571 F.2d 1371, 1376 (5th Cir. 1978), the court finds that the fact that another taxpayer was treated erroneously is irrelevant to the court's consideration of plaintiff Shaw's challenge of the IRS's denial of his income tax refund. *Mid–Continent*, 571 F.2d at 1376 (holding that "it is well established that a taxpayer has no right to insist upon the same erroneous treatment afforded a similarly situated taxpayer in the past.").

*Burke*, —— U.S. ——, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992), "The definition of gross income under the Internal Revenue Code sweeps broadly." *Burke*, —— U.S. at ——, 112 S.Ct. at 1870.

Section 104(a)(2) states:

(a) **In general.**—Except in the case of amounts attributable to (and in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—

(2) the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness; ...

26 U.S.C.A. § 104(a)(2) (West 1993). Damages resulting from personal injuries encompass both physical and nonphysical injuries. *Burke*, —— U.S. at ——, 112 S.Ct. at 1871.

■ Generally, the tax consequences of an award of damages depend on "the nature of the underlying injury." *Threlkeld v. Commissioner*, 848 F.2d 81, 84 (6th Cir.1988). According to the Court in *Burke*, "In order to come within the § 104(a)(2) income exclusion, respondents therefore must show that ... the legal basis for their recovery of backpay, redresses a tort-like personal injury...." *Burke*, —— U.S. at ——, 112 S.Ct. at 1872.

In the present case, the plaintiff received damages provided for by the Age Discrimination in Employment Act (ADEA),[2] which prohibits discrimination in an employee's compensation, terms, conditions, or privileges of employment based on age. The purpose of the ADEA is "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C.A. § 621(b) (1985).

■ The enforcement scheme under the ADEA is extensive. Generally, according to § 626(b), damages under the Act constitute back pay under the Fair Labor Standards Act (FLSA). However, in addition to the relief offered under the FSLA, the ADEA also has a provision in § 626(b) which provides for liquidated damages in cases of "willful violations" of the Act. Willful violations occur when the employer knew its conduct violated the ADEA or showed reckless disregard for whether its conduct violated the ADEA. *See Trans–World Airlines v. Thurston*, 469 U.S. 111, 125–28, 105 S.Ct. 613, 623–25, 83 L.Ed.2d 523 (1985). Liquidated damages are awarded in an amount equal to the amount of back pay awarded in a case. *Wehr v. Burroughs Corp.*, 619 F.2d 276, 278 (3rd Cir.1980) (holding that in private action for damages under this chapter, plaintiff may initially recover lost wages, and, in addition, he may recover liquidated damages in amount equal to unpaid wages, but only when violation is "willful"). In other words, where a violation of the ADEA is willful, the plaintiff is awarded two times the amount of lost wages and benefits. Moreover, liquidated damages are considered to be punitive in nature. *See Trans–World Airlines v. Thurston*, 469 U.S. 111, 125, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985) (holding that the legislative history under the Act indicates that liquidated damages are intended to be punitive in nature); *see also Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094 (11th Cir.1987) (holding that liquidated damages under the ADEA are intended to punish and deter while contrasting them to the legislative purpose of liquidated damages under the FSLA).

■ Shaw was awarded both back pay and liquidated damages. The plaintiff argues that the liquidated damages are damages which are excluded from taxation by 26 U.S.C.A. § 104(a)(2).

In *United States v. Burke*, —— U.S. ——, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992), the Court held that a settlement for back pay derived pursuant to a Title VII claim is not excluded from gross income by § 104(a)(2). In determining that the damages received

---

**2.** 29 U.S.C. §§ 621–34 (codifying Age Discrimination in Employment Act of 1967, Pub.L. No. 90–202, 81 Stat. 602).

under the settlement were taxable, the Court examined the nature of the claims underlying the damage award. According to the Court, only those damages that are "tort-like" in nature are excluded from gross income. *Burke,* —— U.S. at ——, 112 S.Ct. at 1870.

In determining whether damages received under Title VII were tort-like in nature, the Court first examined the traditional range of damages available under tort law. *Id.* at ——, 112 S.Ct. at 1871. Secondly, the Court examined the legal basis for recovery for back pay under Title VII to determine whether the damages redress tort-like personal injuries typically addressed by traditional principles of tort liability. *Id.* at —— ——, 112 S.Ct. at 1871–72.

Although the court has found no controlling United States Supreme Court authority nor Eleventh Circuit authority to dictate whether liquidated damages under the ADEA are taxable or excluded under § 104(a)(2), in *Maleszewski v. United States,* 827 F.Supp. 1553 (N.D.Fla.1993), a district court held that damages for back pay awarded under the ADEA are taxable and not excluded by § 104(a)(2). *Maleszewski* involved facts very similar to the ones in the present case. Chester J. and Gunda P. Maleszewski received a settlement in an employment discrimination lawsuit for which they paid federal income tax. *Maleszewski,* 827 F.Supp. at 1554. The settlement was comprised only of back pay; no liquidated damages were awarded. *Id.* After deciding that the settlement should not have been included in their gross income, the Maleszewskis filed an amended return. *Id.* at 1555. The IRS denied their request for a refund, and the Maleszewskis filed a lawsuit. *Id.*

The district court concluded that the damages were not "tort-like" under the *Burke* analysis. *Id.* at 1556. The court reasoned that the damages available under the ADEA, though equitable and legal in nature, were greatly constrained by the provisions of the Fair Labor Standard Act, which "limits the damages which may be awarded to the actual monetary losses arising from the discriminatory employment action." *Id.* (citing *Goldstein v. Manhattan Indus.,* 758 F.2d 1435, 1446 (11th Cir.), *cert. denied,* 474 U.S. 1005,

106 S.Ct. 525, 88 L.Ed.2d 457 (1985)). The district court found that essentially the only damages available, with the exception of liquidated damages, were back pay and benefits. *Id.* As a result, the court found that the damage scheme under the ADEA was essentially the same as under Title VII, with the exception of liquidated damages. *Id.* Furthermore, the court found that to allow an ADEA plaintiff to recover for lost wages and benefits and not be required to pay taxes on that money, as he would have had it been properly paid to him, would make the plaintiff "better than whole." *Id.*

No liquidated damages were at issue in *Maleszewski.* However, the district court in *dicta* opined that the presence of liquidated damages would not change the court's analysis. According to the *Maleszewski* court, the purpose of liquidated damages is to deter and punish willful violators of the ADEA and that liquidated damages were provided for in the Act in lieu of the criminal penalties contained in the FLSA. *Id.* at 1556–57. The court found that the substitution of liquidated damages for criminal penalties for willful violations did not transform the damages available under the Act to "personal injury" damages, making them excluded from income tax. *Id.*

In *Rickel v. Commissioner,* 900 F.2d 655 (3rd Cir.1990), the Court of Appeals for the Third Circuit held that damages received pursuant to the ADEA were excluded from gross income as damages derived from person injury under § 104(a)(2). In *Pistillo v. Commissioner,* 912 F.2d 145 (6th Cir.1990), the Court of Appeals for the Sixth Circuit held that age discrimination lawsuits facilitated the assertion of "a tort-type right to redress personal injuries," and damages resulting therefrom were excluded from gross income for income tax purposes under § 104(a)(2). *Pistillo,* 912 F.2d at 149. In *Redfield v. Insurance Co. of N. Am.,* 940 F.2d 542 (9th Cir.1991), the Court of Appeals for the Ninth Circuit also held that ADEA damages were tort-like and excluded from gross income by § 104(a)(2). Plaintiff Shaw cites each of these decisions to support his motion for summary judgment. However, each was decided before the Supreme

Court's decision in *Burke,* and the court finds, as did the district court in *Maleszewski,* that a different result should be reached in light of the Court's holding in *Burke.*

The three circuit courts concluded that age discrimination is a personal injury and that the damages flowing from that injury were thus excluded from income by § 104(a)(2). *Pistillo,* 912 F.2d at 150; *Rickel,* 900 F.2d at 663. The Supreme Court held that "[t]he fact that employment discrimination causes harm to individuals does not automatically imply, however that there exists a tort-like 'personal injury' for purposes of federal income tax law." *Burke,* — U.S. at —, 112 S.Ct. at 1873. The *Burke* Court held that in order to determine whether damages are excluded by § 104(a)(2) that a court must examine "the remedial scheme established by the statute which gave rise to the award in question." *Maleszewski,* 827 F.Supp. at 1557.

In the present case, the court adopts the reasoning set forth by the district court in *Maleszewski.* Damages awarded pursuant to a settlement under the ADEA are essentially awards for back pay and benefits. Liquidated damages are merely a means for punishing and deterring willful violators of the ADEA. *See Lindsey v. American Cast Iron Pipe Co.,* 810 F.2d 1094 (11th Cir.1987) (holding that liquidated damages under the ADEA are intended to punish and deter). The inclusion of a liquidated damages provision under the ADEA was intended to circumvent the application of criminal penalties of the FSLA to defendants under the ADEA, who perpetrated schemes of willful discrimination. *See Maleszewski,* 827 F.Supp. at 1556–57 (citing *Hearings on S. 788 and S. 830 Before the Subcomm. on Labor of the Senate Labor and Public Welfare Comm.,* 90th Cong., 1st Sess., 113 Cong.Rec. 7076 (1967) (statement of Sen. Jacob Javits)). The court finds that the inclusion of liquidated damages does not transform the remedial scheme under the ADEA from a method for awarding lost benefits and wages into a "tort-like" system for the compensation of personal injuries. Furthermore, the court finds that allowing Shaw to recover liquidated damages without paying federal in-

come tax on that amount would make him "better than whole."

In conclusion, the court finds that liquidated damages awarded under the ADEA are not damages resulting from personal injury which are compensatory in nature and function to make one whole, but are punitive damages whose purpose is to punish and deter willful violators of the ADEA. Because liquidated damages awarded pursuant to the ADEA are punitive in nature, they are not excluded from federal income tax by § 104(a)(2). Therefore, plaintiff Shaw is liable for federal income tax on the $26,600 in liquidated damages that he received pursuant to the judgment against Auburn University.

As a result, the plaintiff's motion for summary judgment is due to be denied, and the defendant's motion for summary judgment is due to be granted.

## CONCLUSION

For the reasons explained above, it is CONSIDERED and ORDERED that the plaintiff's motion for summary judgment be and the same is hereby DENIED. It is further CONSIDERED and ORDERED that the defendant's motion for summary judgment be and the same is hereby GRANTED.