DALE F. RENNER AND KATHRYN A. RENNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Renner v. Commissioner
Docket No. 4663-93
United States Tax Court
T.C. Memo 1994-372; 1994 Tax Ct. Memo LEXIS 381; 68 T.C.M. (CCH) 333; August 4, 1994, Filed *381 An appropriate order will be issued denying petitioners' motion for litigation and administrative cost. For petitioners: Robert L. Eberhart. For respondent: Joseph P. Grant. LARO
LARO
MEMORANDUM OPINION LARO, Judge: This case is before the Court on the motion (Motion) of Dale F. Renner and Kathryn A. Renner (petitioners) for an award of reasonable litigation costs of $ 24,406.35 under section 7430 and Rule 231. [1] Although petitioners' Motion only requests reasonable litigation costs, their accompanying affidavits include billing information pertaining to costs that were incurred prior to the petition and that were unrelated to the preparation of the petition. Hence, we believe that petitioners intended for their request for reasonable litigation costs to be a request for reasonable litigation costs and administrative costs, and will treat it as such. *382 The issue for decision is whether petitioners are entitled to any of the litigation or administrative costs claimed in their Motion. We hold that they are not. Our holding is based on the record in Renner v. Commissioner, T.C. Memo. 1994-263, the allegations contained in the Motion and the accompanying affidavits, and the arguments made in petitioners' memorandum of law filed with their Motion. After reviewing this information, we conclude that neither a response from respondent nor a hearing is necessary for our consideration and disposition of the Motion. See Rule 232(a)(1). In her notice of deficiency dated December 18, 1992, respondent determined deficiencies of $ 162,637 and $ 7,000 in petitioners' 1988 and 1989 Federal income tax, respectively. Petitioners petitioned the Court on March 8, 1993, for a redetermination of these determinations; at that time, petitioners resided in Beaver, Ohio. Respondent answered the petition on May 5, 1993; she generally denied all material allegations in the petition and asserted an increased deficiency of $ 11,200 in petitioners' 1989 Federal income tax. This increased deficiency stemmed from respondent's *383 determination that petitioners did not report the value of a $ 40,000 option that they received as consideration for the sale of certain land. Petitioners replied to the answer on June 15, 1993. Respondent amended her answer on October 20, 1993, and asserted another increased deficiency of $ 26,947.20, and an addition thereto of $ 1,020.26 under section 6662. [2] The second increased deficiency stemmed from respondent's determination that: (1) Petitioners' income tax was increased by $ 21,845.88 on account of certain basis adjustments, (2) petitioners' income tax was increased by $ 3,766 on account of a $ 13,450 executrix fee that they failed to include in their income, and (3) petitioners' income tax was increased by $ 1,335.32 because they were not entitled to certain expenses aggregating $ 4,769 that they claimed as deductions on their 1989 Schedule C, Profit or Loss From Business. Petitioners replied to this amendment on December 9, 1993. *384 Before trial, the parties settled most of the issues in the case and filed a stipulation of settled issues on January 3, 1994. [3] The sole issue for trial was whether a certain payment of $ 25,000 was includable in petitioners' 1989 gross income. This payment was received by Dale F. Renner in connection with a lawsuit that he filed under the Age Discrimination in Employment Act of 1967 (ADEA), Pub. L. 90-202, 81 Stat. 602 (current version at 29 U.S.C. secs. 621-634 (1988)). *385 Respondent's position until shortly before trial was that the $ 25,000 payment was includable in petitioners' gross income because the payment was not within the realm of section 104(a)(2). Approximately 3 weeks before the beginning of the trial, respondent added a new theory to the case. Specifically, respondent asserted that: (1) Notwithstanding section 104(a)(2), the tax benefit rule required that petitioners must include the $ 25,000 payment in their gross income to the extent of any related attorney fees that they had deducted in prior years, (2) petitioners bore the burden of proving the amount of these previously deducted attorney fees, based on the general burden of proof rules in this Court, and (3) the total payment of $ 25,000 was includable in petitioners' gross income because they had refused to provide to respondent any documentation concerning their previously deducted attorney fees. Petitioners countered that the $ 25,000 payment was not taxable to them because: (1) Respondent improperly opened a closed case, in violation of section 601.106(h)(3), Statement of Procedural Rules, and section 6406, (2) respondent was estopped from assessing tax on the payment by virtue *386 of a letter sent by her Appeals Office, and (3) the payment was received by them on account of a personal injury under the ADEA, and section 104(a)(2) excludes from gross income any damages received on account of a personal injury. After rejecting petitioners' first two arguments as contrary to established judicial precedent, we agreed with them that the $ 25,000 payment was excludable from their gross income under section 104(a)(2), based on our majority opinion in Downey v. Commissioner, 97 T.C. 150 (1991), adhered to on reconsideration 100 T.C. 634 (1993). We noted, however, that a District Court in Florida had reached a result contrary to this Court in an opinion that was decided after United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). See Maleszewski v. United States, 827 F. Supp. 1553 (N.D. Fla. 1993). [4] We also stated that, contrary to the contention of respondent, she bore the burden of proof with respect to her tax benefit argument, and that she failed to sustain her burden because the record did not show that petitioners previously deducted *387 any related attorney fees. [5] Following the service of our opinion in petitioners' case, see Renner v. Commissioner, T.C. Memo. 1994-263, petitioners filed their Motion.
An individual taxpayer must meet seven requirements for this Court to award reasonable litigation and administrative costs to him or her under section 7430 and Rule 231. The taxpayer must: (1) File a timely motion for an award of reasonable litigation and administrative costs. Rule 231(a). (2) Establish that he or she did not unreasonably protract *388 the administrative proceeding or the proceeding in this Court. Sec. 7430(b)(4). (3) Exhaust any administrative remedies available to him or her in the Internal Revenue Service (IRS). [6] Sec. 7430(b)(1). (4) Establish that respondent's positions in the administrative proceeding and the proceeding in this Court were not substantially justified in law or in fact. [7] Sec. 7430(c)(4)(A)(i), (c)(7)(A) and (B); Pierce v. Underwood, 487 U.S. 552, 564-565 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds, and remanding T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. 457, 470 (1993); see also Sokol v. Commissioner, 92 T.C. 760, 767 (1989) (fact that respondent loses a case does not, in and *389 of itself, establish that her position was not substantially justified). *390 (5) Substantially prevail in the administrative proceeding and the proceeding in this Court. Sec. 7430(c)(4)(A)(ii). (6) Have a net worth that did not exceed $ 2 million at the time the petitioner was filed in the case. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). (7) Establish that the amount of costs claimed is reasonable. Sec. 7430(a), (c)(1) and (2). These seven requirements are in the conjunctive; each requirement must be met before the Court will consider awarding litigation or administrative costs under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Han v. Commissioner, T.C. Memo. 1993-386. Petitioners bear the burden with respect to each and every requirement. Rule 232(e); Welch v. Helvering, 290 U.S. 111, 115 (1933); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). The Court has broad discretion on whether to award litigation and administrative costs to a taxpayer. Powers v. Commissioner, supra at 470, *391 and the cases cited therein; Han v. Commissioner, supra.The Court may dispose of a motion for reasonable litigation and administrative costs without requesting a written response from respondent and without holding a hearing. Rule 232(a)(1). Based on the record in this case, we conclude that petitioners are not entitled to litigation or administrative costs under section 7430 and Rule 231. First, petitioners have failed to allege that they did not unreasonably protract the administrative proceeding or the proceeding in this Court. See Rule 231(b)(7) (motion for an award of litigation costs under section 7430 and Rule 231 must contain "A statement that the moving party has not unreasonably protracted the Court proceeding and * * * the administrative proceeding"). Second, petitioners' Motion alleges that they have exhausted the administrative remedies available to them in the IRS "by virtue of having filed a pre-petition administrative appeal to the Respondent's Appeals Division on or about May 29, 1991." In this respect, we disagree with petitioners' allegation that their mere filing of such a prepetition appeal, in and of itself, constitutes *392 an exhaustion of administrative remedies. See generally sec. 301.7430-1, Proced. & Admin. Regs. Third, we believe that respondent's positions in her notice of deficiency, answer, and amendment to her answer were substantially justified in law and in fact. [8] Rule 231(b)(4) requires that a motion for litigation and administrative costs must contain: A clear and concise statement of each reason why the moving party alleges that the position of the Commissioner in the Court proceeding, and if the claim includes a claim for administrative costs, in *393 the administrative proceeding, was not substantially justified, and a statement of the facts on which the moving party relies to support each of such reasons.
In this regard, paragraph (3)(b) of petitioners' Motion states that: In support of the statement that the position of the Commissioner was unreasonable, the Petitioners allege the following facts: (i) The Commissioner knew that Petitioners had relied on the Downey cases and the Sixth Circuit decision in Pistillo v. Commissioner * * * [912 F.2d 145 (6th Cir. 1990), revg. T.C. Memo. 1989-329. Nevertheless, Commissioner pursued the Petitioners by filing the deficiency notice against them. [9]
As we understand the arguments contained in petitioners' Motion and their memorandum of law, the Court should award them litigation and administrative costs because: *394 (1) Our opinion in Downey v. Commissioner, 97 T.C. 150 (1993), adhered to on reconsideration 100 T.C. 634 (1991), rejects respondent's argument that the ADEA proceeds are not excludable under section 104, (2) the Court of Appeals for the Sixth Circuit, the circuit to which an appeal in this case would lie, rejected respondent's argument in Pistillo v. Commissioner, 912 F.2d 145 (6th Cir. 1990), revg. T.C. Memo. 1989-329, and (3) respondent relied on Maleszewski v. United States, 827 F. Supp. 1553 (N.D. Fla. 1993), to support her position that the ADEA proceeds are not excludable from income under section 104, and Maleszewski is neither authority in the Tax Court nor appealable to the Court of Appeals for the Sixth Circuit. [10]
*395 We cannot agree with petitioners' simplistic arguments; contrary to their assertion in the Motion, Downey and Pistillo do not convince us that respondent had no basis in law or fact for disallowing their claim that proceeds under ADEA are excludable from income under section 104.[11] *397 As a point of fact, our decision in Downey v. Commissioner, supra, does not constitute a final decision because respondent has appealed it to the Court of Appeals for the Seventh Circuit. Sec. 7481(a)(2). The opinion of the Court of Appeals for the Sixth Circuit in Pistillo v. Commissioner, supra, preceded the Supreme Court's opinion in United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). [12] Thus, given the fact that this Court decided to reconsider its opinion in Downey v. Commissioner, supra, following the Supreme Court's opinion in Burke, we do not believe that it was unreasonable, as a matter of fact or law, for respondent to pursue petitioners' case in this Court. Concluding contrary, we believe, would improperly chill respondent's right *396 to litigate this issue. See Price v. Commissioner, 102 T.C. 660 (1994). In this regard, we note that respondent has appealed to various courts of appeals the issue of whether section 104(a)(2) excludes amounts that are recovered for employment discrimination under the ADEA. [13]
*398 Accordingly, we hold that petitioners are not entitled to litigation or administrative costs under section 7430 and Rule 231. [14] We have considered all arguments to the contrary made by petitioners and, to the extent not addressed herein, find them to be without merit. We have not considered all of the seven requirements that are mentioned above because petitioners' failure to meet any one of these seven requirements defeats their claim for reasonable litigation and administrative costs under section 7430 and Rule 231.
To reflect the foregoing, An appropriate order will be issued denying petitioners' motion for litigation and administrative costs. Footnotes
1. Section references are to the Internal Revenue Code in effect for the applicable years, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Following respondent's amendment to her answer, the total deficiencies that she had determined in petitioners' 1988 and 1989 Federal income taxes were $ 162,637 and $ 45,147.20, respectively, and the total additions thereto equaled zero and $ 1,020.26, respectively.↩
3. The stipulation of settled issues stated that petitioners had: (1) No deficiency for their 1988 taxable year, (2) the receipt of the option in 1989 was nontaxable because its value was not ascertainable with reasonable certainty in that year, (3) petitioners had additional 1989 income of $ 64,639 on account of the basis issue mentioned above, (4) petitioners failed to include the $ 13,450 executrix fee in their 1989 income, and (5) petitioners were not entitled to the disallowed deductions of $ 4,769. Respondent's complete concession of her adjustments in petitioners' 1988 taxable year followed her verification that the period of limitation under sec. 6501 had expired with respect to that year.↩
4. See also Shaw v. United States,     F. Supp.    ,     (M.D. Ala. 1994) (District Court in Alabama adopted the reasoning of the court in Maleszewski v. United States, 827 F. Supp. 1553↩ (N.D. Fla. 1993)).
5. Although petitioners did not vigorously argue that respondent bore the burden of proof on the tax benefit issue, the Court concluded that respondent bore this burden because the issue was a new matter. See Rule 142(a).↩
6. This requirement only applies to a judgment for an award of reasonable litigation costs. Sec. 7430(b)(1).↩
7. This "not substantially justified" standard is applied as of the separate dates respondent took positions in the administrative proceeding and the proceeding in this Court. Sec. 7430(c)(7)(A) and (B); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds, and remanding T.C. Memo. 1991-144; see also Han v. Commissioner, T.C. Memo. 1993-386. For petitioners to prevail, the facts and circumstances must show that respondent's position did not have a reasonable basis as a matter of fact or a matter of law. Pierce v. Underwood, 487 U.S. 552, 564-565 (1988). In other words, petitioners must prove that respondent's position, as a matter of fact or a matter of law, was not "justified to a degree that could satisfy a reasonable person." Id.↩ at 565.
8. For purposes of the administrative proceeding, respondent took a position on Dec. 18, 1992, the date of the notice of deficiency. Sec. 7430(c)(7)(B). For purposes of the proceeding in this Court, respondent took a position on May 5, 1993, the date she filed her answer, and on Oct. 20, 1993, the date she filed her amendment to her answer. Huffman v. Commissioner, supra; Han v. Commissioner, supra↩.
9. Subpar. (i) is the only subparagraph contained in par. (3)(b) of the Motion. Petitioners make no other allegations of fact in the Motion.↩
10. Petitioners also stated in their memorandum of law that respondent was unreasonable because her Appeals Division had previously considered the ADEA issue and found in favor of petitioners. Petitioners made this argument in Renner v. Commissioner, T.C. Memo. 1994-263↩; the Court addressed it in our opinion there and rejected it as contrary to well-established law. For petitioners to now renew this argument is unnecessary.
11. With respect to the two other issues that petitioners' Motion lists as involved in their case, we understand petitioners' argument to be that respondent was unreasonable with respect to these issues because she cited no cases in her notice of deficiency (and amendment to answer with respect to the second issue that was raised in respondent's amendment) to support her positions on these issues. Contrary to petitioners' contention, we do not believe that the absence of case citations in the notice of deficiency and amendment to answer means that respondent was unreasonable as a matter of law. As a point of fact, the first issue arose from respondent's allegations in her notice of deficiency that petitioners received income of $ 500,000 from a "control shift" in connection with: (1) A closely held corporation in which 40 percent of the stock was held by petitioners and 60 percent was held by petitioner Kathryn A. Renner's mother (Mother), (2) the transfer of the corporation's assets to a newly formed partnership in which the former shareholders of the corporation received partnership interests proportionate to their stockholdings in the corporation, but for the fact that petitioners were given general partnership units, and Mother was given limited partnership units without voting rights, (3) a case pending before the Court involving Mother's estate, and (4) a position taken by Mother's estate in the pending case, that the "shift" diminished the value of her interest in the business by $ 500,000. Given the circumstances surrounding this issue, and the fact that respondent conceded it (and the second issue which concerned the asserted increase of $ 40,000 in petitioners' income) fairly quickly, we are not persuaded that respondent's position on these issues was unreasonable as a matter of fact or law. See, e.g., Harrison v. Commissioner, 854 F.2d 263, 265 (7th Cir. 1988), affg. T.C. Memo. 1987-52↩ (respondent's position was substantially justified although she conceded the case in full 5 months after answering the petition with a general denial).
12. This is also true with respect to Rickel v. Commissioner, 900 F.2d 655 (3d Cir. 1990), affg. in part and revg. in part 92 T.C. 510 (1989), another case that petitioners rely on to support their contention that respondent should not have pursued the ADEA issue in the administrative proceeding and in the proceeding in this Court. With respect to Horton v. Commissioner, 100 T.C. 93 (1993), the only other case relied on by petitioners to support this contention, petitioners are mistaken as to the facts of that case; Horton↩ did not involve payments under the ADEA.
13. In addition to Downey v. Commissioner, 97 T.C. 150 (1991), adhered to on reconsideration 100 T.C. 634 (1993), on appeal (7th Cir., Nov. 17, 1993), see Keller v. Commissioner, T.C. Memo. 1991-373, on appeal (9th Cir., Nov. 20, 1992); Gates v. Commissioner, an Order of this Court on appeal (10th Cir., Nov. 24, 1993); and Estate of Hillelson v. Commissioner, an Order of this Court on appeal (11th Cir., Nov. 24, 1993); see also Schleier v. Commissioner, an Order of this Court affd. in an unreported per curiam opinion    F.2d    ↩ (5th Cir. 1994).
14. We recently reached this same result in Fite v. Commissioner, T.C. Memo. 1994-186↩, a case with remarkably similar facts to the case at hand, and which was also appealable to the Court of Appeals for the Sixth Circuit.