**George DRASE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 92–CV–2425.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 10, 1994.

Gerald Brown, Chicago, IL, for plaintiff.

Charles E. Ex, U.S. Atty's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This is an action for refund of federal income taxes. The plaintiff, George Drase, paid federal income taxes on the award he received in settlement of an age discrimination claim. Mr. Drase claims that the settlement award was subject to exclusion from his "gross income" under § 104(a)(2) of the Internal Revenue Code, 26 U.S.C. § 104(a)(2) (1993).

The material facts in this case are not in dispute. Mr. Drase received a payment of $75,000 from his former employer in settlement of a law suit filed by Mr. Drase pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. The settlement was in a lump sum, and was not broken down into the components of Mr. Drase's claim. In his 1986 federal tax return, Mr. Drase reported $48,723 of the settlement, the amount he actually received after paying attorneys fees and costs.

In March, 1990, Mr. Drase filed a claim for refund, alleging that the settlement award was tax exempt under section 104(a)(2) of the federal tax code. The Internal Revenue Service denied the refund on April 12, 1990, and this litigation ensued.

Both parties have moved for summary judgment. The sole issue presented is a legal one: whether the proceeds from the settlement of an ADEA claim are subject to exclusion under § 104(a)(2) of the Internal Revenue Code. We find that the settlement proceeds are not subject to § 104(a)(2) and, therefore, that Mr. Drase is not entitled to a refund.

## DISCUSSION

"It is axiomatic that while taxable income should be broadly construed, exclusions to income should be narrowly defined." *Kurowski v. Commissioner of Internal Revenue*, 917 F.2d 1033, 1039 (7th Cir.1990). Section 61 of the Internal Revenue Code defines "gross income" as "all income from whatever source derived." 26 U.S.C. § 61. Section 104(a) of the Code establishes an exception to the definition of "gross income" for "the amount of any damages received (whether by suit or agreement and whether as lump sums or as period payments) on account of personal injuries or sickness." 26 U.S.C. § 104(a)(2). The applicable regulation pro-

vides that § 104(a)(2) excludes damages received "through prosecution of a legal suit or action based upon tort or tort-type rights, or through a settlement agreement entered in lieu of such prosecution." 26 C.F.R. § 1.104–1(c) (1993).

The United States Supreme Court recently interpreted § 104(a)(2) in the context of a Title VII settlement. *United States v. Burke,* —— U.S. ——, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992). The *Burke* Court found that a back pay award received in settlement of a Title VII claim is not subject to § 104(a)(2) as "damages received on account of personal injuries." 112 S.Ct. at 1874.

■ The *Burke* Court first focused its analysis on "the nature of the claim underlying the damages award." *Id.* at ——, 112 S.Ct. at 1872. Only compensation for "tort-type" injuries are subject to exclusion under § 104(a)(2). "A 'tort' has been defined broadly as a 'civil wrong, other than breach of contract, for which the court will provide a remedy in the form of an action for damages.'" *Id.* at ——, 112 S.Ct. at 1870. Typically, tort plaintiffs are allowed to recover for "lost wages, medical expenses, and diminished future earning capacity on account of injury [as well as] for emotional distress and pain and suffering." *Id.* at ——, 112 S.Ct. at 1871.

Next, the *Burke* Court considered whether Title VII's remedial scheme allowed for compensation for the "tort-type" injuries. The Court found that Title VII compensates only for "backpay, injunctions, and other equitable relief." —— U.S. at ——, 112 S.Ct. at 1873.[1] Title VII "focuses on 'legal injuries of an economic character'". *Id.* at ——, 112 S.Ct. at 1873. "Thus, we cannot say that a statute such as Title VII, whose sole remedial focus is the award of backwages, redresses a tort-like personal injury within the meaning of § 104(a)(2) and the applicable regulations." *Id.* at ——, 112 S.Ct. at 1874.

■ Applying the two-pronged *Burke* test to the ADEA, we find that the Act does not address tort-type injuries. The ADEA is part of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. and specifically incorporates the remedial provisions of the FLSA. 29 U.S.C. § 626(b). The only remedies available under the ADEA, then, are equitable relief, lost wages and benefits and, under limited circumstances, liquidated damages.

The Seventh Circuit recently considered the nature and extent of damages permitted under the ADEA, albeit not in conjunction with § 104(a)(2). *Moskowitz v. Trustees of Purdue University,* 5 F.3d 279, 283 (7th Cir. 1993). In *Moskowitz,* a professor brought a ADEA claim alleging that his employer's discriminatory actions deprived him a certain post-retirement income Professor Moskowitz could have earned, if his employer had not discriminated against him before he retired. The Court found that the ADEA's remedial provisions did not include the consequential damages sought by the plaintiff. 5 F.3d at 283.

■ The ADEA's damages provision must be narrowly construed and does not provide for general tort-type remedies:

> If Congress wanted to grant age discrimination plaintiffs full rights to common law damages, why did it use as its remedial template the Fair Labor Standards Act? ... If we were to break out of the FLSA framework ... we could not reasonably stop at postretirement income. Like other forms of tortious conduct, age discrimination can cause psychological distress but the cases hold ... that the courts are not authorized to grant such 'legal relief' to age discrimination plaintiffs. [citations omitted].

5 F.3d at 283.

The remedies under the ADEA thus parallel the relief afforded under the pre-amendment Title VII. Like Title VII, then, the ADEA does not address tort-type injuries, even if the employer's conduct is "tortious."

> It is beyond question that discrimination in employment on the basis of sex, race, or any of the other classification protected by Title VII is an invidious practice that

---

**1.** "The Civil Rights Act of 1991, Pub.L. 102–166, 105 Stat. 1071, amended Title VII in significant respects." *Burke,* —— U.S. at —— n. 8, 112 S.Ct. at 1872 n. 8. Thus, *Burke* may not apply to Title VII actions filed after the 1991 changes to the Civil Rights Act.

causes grave harm to its victims ... The fact that employment discrimination causes harm to individuals does not automatically imply, however, that there exists a tort-like 'personal injury' for purposes of federal income tax law.

*Burke,* —— U.S. at ——— ———, 112 S.Ct. at 1872–73.

### LIQUIDATED DAMAGES

In addition to backpay and other equitable relief, the ADEA provides for liquidated damages equal to wages and benefits from the date of termination to the date of trial, where the violation is found "willful." 29 U.S.C. § 626(b). Does the provision for liquidated damages indicate that age discrimination produces a tort-type injury?

■ Liquidated damages under the ADEA are punitive. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125, 105 S.Ct. 613, 623–24, 83 L.Ed.2d 523 (1985); *Coston v. Plitt Theatres, Inc.,* 860 F.2d 834, 835 (7th Cir.1988). Punitive damages are tort damages. The tax court has thus reasoned that, unlike the Title VII violations treated in *Burke,* violations of the ADEA are essentially torts and that ADEA settlement proceeds are therefore subject to exclusion under § 104(a)(2). *Downey v. Commissioner of Internal Revenue,* 100 T.C. No. 40, 1993 WL 231740 (Tx.Ct.1993).

We disagree with the *Downey* court's reading of *Burke.* First, the *Downey* court based its decision on the nature of the remedy available under the ADEA. This is only one of the tests enunciated in *Burke.* The other asks us to look at "the nature of the claim underlying the damages award." *Burke,* —— U.S. at ——, 112 S.Ct. at 1872. The nature of the claim under Title VII is the same as that under ADEA: employment discrimination.

■ Second, the liquidated damages provision is the only part of the ADEA's remedial scheme that is different than that of Title VII. Punitive damages is only one of a long litany of damages recoverable in tort. *Burke,* at ——— ———, 112 S.Ct. at 1871–72. We do not find its presence in the remedial scheme of the ADEA dispositive on the issue of whether age-based discrimination is a personal injury for purposes of § 104(a)(2). The availability of liquidated damages under the ADEA does not "convert every ADEA award into 'personal injury' damages for tax purposes." *Maleszewski v. U.S.,* 827 F.Supp. 1553, 1557 (N.D.Fla.1993). *See also Shaw (Winfred A.) v. U.S.,* 853 F.Supp. 1378, 1381–82 (M.D.Ala.1994) at *4. Because the ADEA and Title VII address the same type of injury and have similar remedial regimes, we find that the *Burke* holding applies to ADEA cases, despite the ADEA's provision for liquidated damages.

### CONCLUSION

Because proceeds from the settlement of an age discrimination suit are not damages for personal injuries, the proceeds are not excluded under § 104(a)(2). Mr. Drase is not entitled to a refund.