**Waleska ESPINOSA and David L. Terron, Plaintiffs,**

v.

**SISTERS OF PROVIDENCE HEALTH SYSTEM, Amanda (a/k/a Amy) Mitchell, Lisa Madru and Kerry Walsh, Defendants.**

**No. CIV.A.03–30259–MAP.**

United States District Court, D. Massachusetts.

March 18, 2005.

Anne S. Diebold, Law Office of Michael O. Shea, Wilbraham, MA, Michael O. Shea, Law Office of Michael O. Shea, Wilbraham, MA, for David L. Terron, Waleska Espinosa, Plaintiffs.

John E. Garber, Weinberg & Garber, P.C., Northampton, MA, Peter Irvine, Law Office of Peter Irvine, Northampton, MA, Pilar Caballero Schultz, Jackson Lewis LLP, Boston, MA, John C. Sikorski, Robinson, Donovan, PC, Springfield, MA, Guy P. Tully, Jackson Lewis LLP, Boston, MA, Dorothy Varon, Robinson, Donovan P.C., Springfield, MA, for Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS' MOTION TO FILE AMENDED ANSWERS (Document No. 58)*

NEIMAN, United States Magistrate Judge.

Presently before the court is a motion to amend each answer of the four defendants, Sisters of Providence Health System

("SPHS") and three of its employees, Amanda Mitchell ("Mitchell"), Lisa Madru ("Madru") and Kerry Walsh ("Walsh") (together "Defendants"). The amended answers, if permitted, would add a number of affirmative defenses, including defenses under Mass. Gen. L. ch. 231, § 85K ("section 85K"), which relates to charitable immunity caps on damages. Waleska Espinosa ("Espinosa") and David Terron ("Terron") (together "Plaintiffs") oppose the motion. For the reasons which follow, the court will allow the motion, but in part only.

## I. BACKGROUND

This employment discrimination action was filed in October of 2003. Plaintiffs allege that Defendants subjected Espinosa to a hostile work environment which led to her constructive discharge and are, thus, liable for sexual harassment, retaliation, and discrimination based on gender, ethnicity, race, color, national origin and ancestry.

The complaint contains ten counts: Counts I and II allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); Counts III through IX allege violations of Massachusetts' employment discrimination statute, Mass. Gen. L. ch. 151B ("chapter 151B"); and, in Count X, Espinosa's husband, Terron, alleges that Defendants are liable for his loss of consortium. According to the existing schedule, counsel are to appear for a case management conference on April 4, 2005.

## II. DISCUSSION

Defendants' motion is a bit cryptic. For starters, it does not adequately describe the amendments Defendants seek, leaving it to the court to compare the proposed answers to those originally filed. In addition, the motion provides little explanation as to why Defendants seek amendments at this late date.

Having compared the existing answers to those now proposed, it appears that SPHS and Madru want to add two affirmative defenses each to the panoply of defenses previously asserted. In essence, SPHS and Madru seek to assert that Plaintiffs' claims are barred in whole or in part by section 85K which caps at $20,000 liability for "any cause of action based on tort" against charities. For their part, Mitchell and Walsh not only want to add affirmative defenses grounded in that statute, but another nine affirmative defenses as well. These nine additional defenses reflect defenses already raised by SPHS and Madru in their original answers to Plaintiffs' first amended complaint.

■ As indicated, Defendants provide little by way of explanation as to why they waited to seek these amendments. SPHS and Madru's original answers were filed, respectively, on March 18 and May 11, 2004. Mitchell's answer was filed on June 14, 2004, and Walsh's on July 16, 2004. At best, Defendants explain that, when they filed their original answers, Mitchell and Walsh were not represented by their present counsel, who is also counsel for SPHS and Madru. This explanation, however, only justifies the motion to amend insofar as it seeks to make consistent Mitchell and Walsh's affirmative defenses with those originally asserted by SPHS and Madru. In effect, Defendants argue that Plaintiffs were well aware of these particular defenses and their addition to Mitchell and Walsh's answers would not unduly prejudice Plaintiffs. The court agrees and, accordingly, will allow Defendants' motion insofar as it seeks to add to Mitchell and Walsh's answers the nine additional affirmative defenses which had been asserted previously by SPHS and Madru.

However, Defendants' attempt to add to their answers the affirmative defenses grounded in section 85K is quite another matter. For one thing, it is a bit disingenuous for Defendants to argue, broadly, that "the additional affirmative defenses asserted on behalf of ... Mitchell and Walsh have already been asserted on behalf of ... SPHS and Madru." This may be true of the nine other defenses, but it is certainly not true of the charitable cap defenses. In fact, SPHS and Madru also want to add these charitable cap defenses for the first time through the present motion.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so re-

quires." And, as the United States Supreme Court has stated, the liberal amendment policy of Rule 15(a) is a mandate to be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Even so, an amendment need not be granted in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182, 83 S.Ct. 227. Here, in the court's estimation, Defendants' motion to add these charitable immunity defenses comes too late under Rule 15(a) and would unduly prejudice Plaintiffs at this point in time.

First, however, the court needs to address Plaintiffs' argument that the proposed section 85K amendments would be futile. The court agrees, at least with respect to Plaintiffs' claims under chapter 151B (Counts III through IX). The Supreme Judicial Court recently made crystal clear that section 85K "does not apply to damages awarded pursuant to a successful claim of retaliation under G.L. c. 151B." *Ayash v. Dana–Farber Cancer Institute*, 443 Mass. 367, 822 N.E.2d 667, 687 (2005). In so holding, the SJC cited with approval the First Circuit's more general holding in *McMillan v. Massachusetts Soc'y for the Prevention of Cruelty to Animals*, 140 F.3d 288, 307 (1st Cir.1998), that section 85K does not limit damages awarded under chapter 151B. "The First Circuit concluded," the SJC explained, "that G.L. c. 151B . . . created rights that did not exist under the common law and, thus, claims under G.L. c. 151B

were not to be considered 'torts' for purposes of § 85K." *Ayash*, 822 N.E.2d at 687.

It is an open question, however, whether Plaintiffs' Title VII claims should also be considered causes of action "based on tort" and, thus, subject to section 85K's damage cap. Neither *Ayash* nor *McMillan* address Title VII, the parties have not briefed the issue, and the court's own research has uncovered no reported case discussing section 85K's applicability to Title VII.[1] Nor have the parties addressed whether section 85K might apply to Terron's loss of consortium claim, although Defendants seem most intent on having their section 85K defense apply to this claim. Even though the claim is arguably derivative of Espinosa's employment discrimination claims, this court would likely treat the loss of consortium claim as a "tort" falling within section 85K's scope. *See Barranco v. Milford Housing Auth.*, 408 Mass. 502, 562 N.E.2d 74, 74 (1990) (describing loss of consortium claims as "necessarily . . . grounded in tort"). But these issues, interesting as they may be, need not be decided for present purposes, because Defendants' attempt to add the section 85K defenses, in the court's view, is too late and unduly prejudicial under Rule 15(a).

In so ruling, the court relies as well on Rule 8(c), which provides that "any matter constituting an avoidance or affirmative defense" is generally deemed waived unless raised in an answer.[2] The rule "is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirma-

---

**1.** Title VII and Chapter 151B are "generally aligned." *Fite v. Digital Equip. Corp.*, 232 F.3d 3, 7 (1st Cir.2000). Moreover, Title VII has historically been viewed as contract-based as opposed to tort-based. *See United States v. Burke*, 504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992). *See also* Paul T. O'Neill, *Charitable Immunity: The Time to End Laissez–Faire Health Care in Massachusetts Has Come*, 82 Mass. L.Rev. 223, 231 (Fall 1997) (because section 85K applies "only to tort-based claims," one way to avoid the statute "is by characterizing a claim as contract-based"). According to the Supreme Court, however, the 1991 amendments to Title VII "signal[led] a marked change in [Congress'] conception of the injury redressable by Title VII," *Burke*, 504 U.S. at 241 n. 12, 112 S.Ct. 1867, such that federal courts are now willing to view Title VII actions as akin to "common law

tort claims," *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1220 (3rd Cir.1995). *See also Drase v. United States*, 866 F.Supp. 1077, 1079 n. 1 (N.D.Ill.1994).

**2.** The court assumes, as evidently have the parties, that section 85K is a "defense" which falls within Rule 8(c)'s residuary clause insofar as it "shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to." *Jakobsen v. Mass. Port Auth.*, 520 F.2d 810, 813 (1st Cir. 1975). *But see English v. New England Med. Ctr., Inc.*, 405 Mass. 423, 541 N.E.2d 329, 330 (1989) (addressing section 85K via post-trial motion without indicating if it was first raised as an affirmative defense).

tive defense, thereby affording an opportunity to develop any evidence and offer responsive arguments to the defense." *Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir.2003). To be sure, there are certain exceptions to waiver when "(i) the defendant asserts [the defense] without undue delay and the plaintiff is not unfairly prejudiced by any delay, or (ii) the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed." *Id.* (citations omitted). Those exceptions, in the court's opinion, do not apply here.

For one thing, there is little question, given all the facts, that significant time has passed since Defendants' counsel filed the first answer to Plaintiffs' complaint on behalf of SPHS. *See Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir.1989) ("A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations."). Although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion "should be made as soon as the necessity for altering the pleading becomes apparent." 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1488 (2003). Moreover, where "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay." *Acosta–Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 52 (1st Cir. 1998). *See also Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1178 n. 1 (1st Cir.1995) (Rule 15(a) "frowns upon undue delay in the amendment of pleadings, particularly if no legitimate justification is forthcoming.") (citations omitted).

Defendants, however, barely offer any explanation for the delay. Aside from some conclusory allegations, Defendants assert only that "the defense or limitation of damages based on the charitable immunity cap ... has been recognized as an important defense or limitation on damages." If true, the importance of the defense was well known to Defendants, particular SPHS and Madru, when their original answers were filed.

The fact that non-expert discovery is still open, as Defendants also argue, is of little moment. The only reason such discovery is still available was to accommodate the parties' request to mediate the matter. At first, non-expert discovery was scheduled to end on December 30, 2004. In late November, that date was extended to January 29, 2005, the parties having explained to the court that counsel for SPHS and Madru had undertaken the defense of Mitchell and Walsh as well. On January 24, 2005, the court again extended the date to complete non-expert discovery, this time to March 30, 2005, after the parties indicated that they wished to mediate the matter. Defendants filed their instant motion to amend nearly one month later.

Finally, the fact that the parties may have delayed certain depositions to accommodate mediation actually supports Plaintiffs' argument that they would be prejudiced by a late amendment. Although a trial is not imminent, there is little doubt that the proposed amendment would require Plaintiffs to undertake further discovery with respect to a defense the existence of which was not even hinted at in prior proceedings. *Compare Boston Hides & Furs, Ltd. v. Sumitomo Bank, Ltd.*, 870 F.Supp. 1153, 1162 n. 6 (D.Mass.1994) ("If the plaintiff receives notice of an affirmative defense other than through the pleadings, the defendants' failure to comply with Fed.R.Civ.P. 8(c) does not cause the plaintiff any prejudice."). Even a cursory reading of section 85K raises the specter of factual questions, for example, whether the alleged torts by Defendants were "committed in the course of a charitable purposes" or were "primarily commercial in character." In the end, therefore, the court has little choice but to deny Defendants' motion to the extent it seeks the addition of the charity cap affirmative defenses.

## III. CONCLUSION

For the reasons stated, the court ALLOWS Defendants' motion insofar as it seeks to add the nine affirmative defenses to Mitchell and Walsh's answers, i.e., those defenses already asserted by SPHS and Madru,

but otherwise DENIES the motion. Defendants shall forthwith file amended answers in accord herewith.

IT IS SO ORDERED.